(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) __DAMONE E. FLOWERS___ __303627___
    (Name of Plaintiff)     (Inmate Number)

__1181 PADDOCK RD. SMYRNA, DE. 19977__
    (Complete Address with zip code)

(2) _____ _____
    (Name of Plaintiff)     (Inmate Number)

_____
    (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) __WARDEN THOMAS CARROLL - D.O.C.__

(2) __A.G. CARL DANBERG - STATE OF DELAWARE__

(3) _____
    (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

__07-730__
(Case Number)
( to be assigned by U.S. District Court)

CIVIL COMPLAINT

• • Jury Trial Requested

FILED
NOV 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
KD scanned

I.   PREVIOUS LAWSUITS

    A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

__N/A__

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes · · No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes · · No

C. If your answer to "B" is Yes:

1. What steps did you take? FILED GRIEVANCE REPORT WITH INMATE GRIEVANCE COMMITTEE.

2. What was the result? REQUESTED MATERIAL(S) TURNED OVER AFTER DELAWARE SUPREME COURT RULING IN APRIL 2006.

D. If your answer to "B" is No, explain why not: _____

III. DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: THOMAS CARROLL

Employed as WARDEN at DELAWARE CORRECTIONAL CENTER

Mailing address with zip code: 1181 PADDOCK ROAD SMYRNA, DE. 19977

(2) Name of second defendant: CARL DANBERG

Employed as ATTORNEY GENERAL at STATE OF DELAWARE/A.G's OFFICE

Mailing address with zip code: DELAWARE DEPARTMENT OF JUSTICE  102 W WATER ST. SUITE 2  DOVER, DE. 19904-6750

(3) Name of third defendant: _____

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. On December 13, 2005, Superior Court Judge Mary Johnston denied the plaintiff's motion for post conviction relief filed pursuant to Superior Court Criminal Rule 61. Supreme Court Rule 6(a)(iii) allocates 30-days to file a notice of appeal. Therefore, the plaintiff had until January 12, 2006 to file notice of appeal. On January 8, 2006, plaintiff

2. put said notice of appeal in prison mail system. Attached to envelope addressed to Clerk DE. Supreme Court was a pay-to, cover postage cost. The pay-to was signed by C/O Hedges. The exterior of the envelope was also printed "URGENT/LEGAL MAIL/FILING DEADLINE 1-13-06." For unknown reasons the notice of appeal was held at D.C.C. until January 17, 2006,

3. nine days after being placed in the prison mail system. As a result the DE. Supreme Court dismissed the plaintiff's appeal due to untimely filing, stating that "plaintiff's failure to timely file appeal is not attributable to court-related personnel." Since cause of untimely filed appeal is due to D.C.C. mailing staff, D.C.C. has denied plaintiff access to the court(s) in violation of amendment(s) five(5th) and fourteen(14th).

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Since D.C.C. was the cause of the untimely filed appeal, the plaintiff lost the opportunity to have his claims, raised in the Rule 61 motion, addressed by DE. Supreme Court (highest state court). For purposes of a writ for habeas corpus pursuant to 28 U.S.C. 2254, those claims are now considered exhausted but procedurally defaulted because plaintiff failed to comply with state

3

2. PROCEDURAL RULE(S) THEREFORE, FEDERAL REVIEW IS DENIED. 1. PLAINTIFF SEEKS TO HAVE OPPORTUNITY TO APPEAL RULE 61 MOTION REINSTATED EFFECTIVE UPON DATE OF COURT'S RULING IN THIS MATTER.

2. PLAINTIFF SEEKS TO HAVE DELAWARE STATE COURT(S) IMPLEMENT A. PRISON MAIL BOX RULE, WHICH MANDATES THAT LEGAL MATERIALS ARE DEEMED FILED WHEN PLACED INTO THE PRISON MAIL SYSTEM.

3. PLAINTIFF SEEKS TO HAVE D.C.C. & D.O.C. LIABLE WHENEVER OUTGOING LEGAL MAIL IS UNDULY DELAYED.

4. PLAINTIFF SEEKS TO HAVE EXHAUSTED BUT PROCEDURALLY DEFAULTED CLAIMS EXCUSED IN WRIT OF HABEAS CORPUS PETITION NOW PENDING IN DISTRICT COURT. CASE NAME: FLOWERS v. CARROLL et al; CASE NUMBER: 06-356-GMS

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 2____.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



I/M - DAMONE E FLOWERS
SBI# 303627    UNIT MHU 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

MR. PETER T. DALLEO - CLERK
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON, DE. 19801-3570

U.S.M.S
X-RAY

LEGAL MAIL



OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

844 N. KING STREET, LOCKBOX 18

WILMINGTON, DE. 19801-3570

FILED
NOV 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
Rd scanned

DAMONE E. FLOWERS
D.C.C.
1181 PADDOCK RD.
SMYRNA, DE. 19977

11·11·07

06- 356
07- 730

Dear Mr. DALLEO,

    I did receive your prompt response to my recent inquiry concerning the status of my habeas corpus petition. While I truely appreciate your response I am a bit troubled by your indication that there is no record of a 1983 PRISONER CIVIL RIGHTS case being filed in the U.S. DISTRICT COURT by me.

    I rechecked my files and located a copy of the actual complaint as well as the application to proceed without prepayment of fees and affidavit that I filed with the civil complaint. The civil complaint is not dated, as it was my personal copy not intended for the court. The application to proceed without prepayment of fees however is dated AUGUST 30, 2006. That date indicates the date D.C.C. Business Office personel processed my request for a printout of my inmate account for the previous six months, information that must be included in the application. I'm sending these copies only to verify, if not prove, that I actually did attempt to file this exact civil complaint in the DISTRICT COURT back in SEPTEMBER 2006. My records indicate that I placed this complaint in the prison mail system on SEPTEMBER 12, 2006. Your office should have received it on or about SEPTEMBER 15, 2006.

    Additionally, I recall sending a cover letter with the complaint and application explaining that the civil complaint was directly linked to my habeas corpus petition which had been filed with the DISTRICT COURT in MAY 2006. A quick review of the complaint demostrates that it deals directly ~~with~~ with allegations that the DELAWARE CORRECTIONAL CENTER denied me access to the courts by delaying outgoing legal mail past its filing deadline, which resulted in an appeal of a RULE 61 motion for postconviction

relief being dismissed by the De. SUPREME COURT. Due to that dismissal the allegations raised in the RULE 61 MOTION became procedurally barred unless I satisfied the cause and prejudice standard when I moved those allegations into the DISTRICT COURT in the form of a habeas corpus petition. Again that petition was filed with this court in MAY 2006 (CASE No. 06-356-GMS). As such I asked that the complaint be assigned or forwarded to JUDGE SLEET since it was intricately linked to the habeas corpus petition.

   I assumed that the complaint would first be filed with the court and then sent to JUDGE SLEET. I apologize for that assumption. If possible can an inquiry be sent to JUDGE SLEET to see if His Honor received the complaint as an alternative to it actually being filed with the court? What I am trying to ensure is that the complaint was received by the court back in SEPT. 2006. In addition, I want to ensure that the issues raised in the complaint, being intricately linked to issues raised in the habeas corpus petition, are addressed.

   Again the 1983 CIVIL COMPLAINT and the Application to PROCEED WITHOUT PREPAYMENT enclosed herein are my own personal copies. I am not dating or signing them as I am not just now filing them with the court. I only wanted to send them to verify that this complaint was sent to the DISTRICT COURT back in SEPT. 2006. Essentially, I don't want to refile a civil complaint that may be floating around the DISTRIST COURT. Please email JUDGE SLEET to see if this complaint was sent directly to him. If he's never seen or heard of the complaint then it seems that the civil complaint never reached the DISTRICT COURT. I won't venture an unfounded accusation against the De. CORRECTIONAL CENTER's mail room. I will say out-going legal mail is often delayed, lost or somehow mishandled frequently here. As such I'll need to re-file this civil complaint with adjustments to dates.

   Again thank you for your time and assistance. I look forward to hearing from you in the very near future. Thanks in advance.

Respectfully yours,
Damon Flowers

DAMON S. FLOWERS



IM- DAMONE E FLOWERS
SBI# 303627    UNIT MHU 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S
X-RAY

MR. PETER T. DALLEO-CLERK
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON DE. 19801-3570

LEGAL MAIL